# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Lichelle Smith, | : |
|     Plaintiff, | : |
| | :   CIVIL ACTION NO. |
| v. | : |
| | :   1:08-cv-01783-JOF |
| Metropolitan Security Services, Inc., | : |
|     Defendant. | : |

## ORDER

This matter is before the court on Plaintiff's motion to alter clerk's judgment or in the alternative for a new trial [101]; Plaintiff's bill of costs [102]; and Defendant's objections thereto [105].

**Procedural History**

Plaintiff, Lichelle Smith, filed suit against Defendant Metropolitan Security Services, Inc., on May 16, 2008. Plaintiff alleged Defendant discriminated against her based on her gender and in retaliation for complaints of sexual harassment by terminating her employment and by maintaining a sexually hostile work environment. Plaintiff also contended that Defendant was liable for intentional infliction of emotional distress, negligent hiring and retention, and sexual battery. Specifically, Plaintiff claimed that on July 5, 2006, a co-worker, Donald Porter, grabbed her buttocks and breasts and pinched her nipples. She

AO 72A
(Rev.8/82)

then stated that she reported the incident to her supervisor and she was terminated two days later.

Plaintiff's case proceeded to trial. After the close of Defendant's evidence, the court granted Defendant's motion for a directed verdict on Plaintiff's claims of sexual harassment and intentional infliction of emotional distress. The court allowed Plaintiff's retaliation, battery, and negligent hiring claims to proceed.

The jury reached a verdict on February 16, 2011. On Plaintiff's retaliation claim, the jury found that Plaintiff engaged in statutorily protected activity, suffered an adverse employment action that was causally related to that activity, and suffered damage as a result of that action. *See* Verdict Form, at 1-2. The jury found that Plaintiff should be awarded lost wages in the amount of $30,000 and punitive damages of $16,000. *Id.* at 2.

With respect to Plaintiff's battery claim, the jury found that Plaintiff suffered an unlawful touching by Donald Porter and that Defendant ratified this misconduct. However, the jury declined to award Plaintiff even nominal damages. *Id.* at 3. Despite not awarding nominal damages, the jury found that Plaintiff should be awarded $10,000 in punitive damages, also finding that Defendant "acted or failed to act with a specific intent to cause harm." *Id.* at 4.

The jury also found in favor of Plaintiff on her negligent hiring claim. *Id.* The jury determined that Defendant knew or should have known of Donald Porter's propensity for

2

sexual misconduct; Defendant failed to exercise ordinary care in hiring Donald Porter, and Plaintiff suffered damages as a result. *Id.* The jury awarded Plaintiff $5,000 in nominal damages and $20,000 in punitive damages. *Id.* at 5. The total amount of the jury's verdict was $81,000.

Defendant then filed a motion for judgment as a matter of law. In an order dated November 17, 2011, the court held that it was improper for the jury to award Plaintiff punitive damages on the battery claim because the jury refused to award nominal damages on that claim. *See* Order, Docket Entry [97], at 6. Plaintiff also conceded that this was the result the court had to reach.

The court then considered the impact of the jury's failure to award nominal damages on other portions of Plaintiff's verdict. The court held that under Georgia law, once the jury found that Plaintiff had suffered an offensive touching, Defendant's liability was established. *Id.* at 6-9. Because the court determined that the jury had found Defendant liable for battery, the court also found that Plaintiff's verdict on negligent retention could be sustained. *Id.* at 9.

The court then considered Defendant's argument that Plaintiff had not provided any evidence on retaliation from which a reasonable jury could conclude that Walden Security, as the decision maker, was aware of Plaintiff's harassment complaint. Plaintiff testified at trial that she complained about Porter's actions to her supervisor, Michael Garrett and that

3

Garrett informed her two days later that she had been terminated. *Id.* at 10. Garrett testified that it was Dan Millhouse, General Manager of Walden, who made the decision to terminate Plaintiff. *Id.* at 11.

The court found that no specific affirmative evidence had been presented to the jury about who made the decision to fire Plaintiff, leaving unrebutted Garrett's testimony that it was Millhouse's decision. *Id.* at 12. When Millhouse was on the stand, Plaintiff did not address with him her complaint of harassment or her termination. *Id.* Millhouse was only asked to testify about his knowledge of Porter and whether he had the propensity for harassment. *Id.* Thus, there is no evidence from which a jury could conclude that Millhouse – the individual who made the decision to terminate Plaintiff – had "actual notice" of Plaintiff's complaint of harassment. *Id.* at 13. Because Plaintiff had not provided any evidence from which the jury could conclude that the decision-maker on Plaintiff's termination was aware of her protected activity, the court directed entry of a verdict in favor of Defendant on Plaintiff's retaliation claim. *Id.* at 18. That directed verdict made unavailable to Plaintiff attorney's fees under Title VII. *Id.* The court rejected Defendant's remittitur argument, as well as its contention that the court should order a new trial due to an "inconsistent" verdict. *Id.* at 19-20. As a result of these rulings, the court directed that judgment be entered in favor of Plaintiff and against Defendant on Plaintiff's negligent

4

hiring claim and Plaintiff was to be awarded $5,000 in nominal damages and $20,000 in punitive damages on that claim. *Id.* at 21.

**Motion for a New Trial**

Several weeks after the Clerk of the Court entered judgment, two new attorneys made an appearance for Plaintiff. These attorneys filed the instant motion to alter or amend the judgment or for a new trial. In this motion, Plaintiff asks that the court amend the judgment to include a nominal damages award of $1 on Plaintiff's battery claim and to reinstate the jury's $10,000 punitive damages award on battery. Alternatively, Plaintiff asks for a new trial so that a jury can determine and award Plaintiff her nominal damages on her battery claim. To support this argument, Plaintiff contends that the court incorrectly applied Georgia law by instructing the jury that they were required to condition any award of nominal damages on proof of injury. Plaintiff states that "[u]nder Georgia law, if a defendant is found liable for tortious conduct, such as battery, any injury is presumed and no proof of damages is required." *See* Motion, Docket Entry [101], at 2.

As to the nominal damages on Plaintiff's battery claim, the court instructed the jury:

She [the plaintiff] has testified that as a part of the battery that Mr. Porter squeezed her nipples and it hurt. She would be entitled to some award for the pain that she experienced on that brief occasion. There is no evidence of any other pain or suffering, and so you can award her, ***if you wish***, nominal damages for that, ***if you find*** that the assault occurred and that he did pinch her nipples *and **it [the assault] hurt***.

5

*See* Trial Transcript, at 310-11 (emphasis added). The court elaborated on the notion of nominal damages:

> If the injury is small, only nominal damages are given. Nominal damages usually means a small amount. ***What would be a proper amount of nominal damages is a question for you to decide under all of the facts and circumstances of the case.***

*Id.* at 312 (emphasis added).

**Contentions**

Plaintiff contends these instructions are erroneous because the court did not inform the jury that it *must* award Plaintiff nominal damages if it found Defendant liable for battery. Plaintiff argues this is "manifest" or "clear error" which must be corrected under Rule 59(e).

Defendant responds that Plaintiff's motion is untimely because it was not filed within 30 days after the original judgment. Defendant also stated that Plaintiff waived any objection to the court's jury instructions on nominal damages by not objecting prior to the start of jury deliberations. Further, Defendant avers that the court's jury instruction was not improper because nominal damages are not mandatory in a battery action. Finally, Defendant argues that the prohibition against additur prevents the court from awarding Plaintiff $1 in nominal damages when the jury awarded none.

**Analysis**

As an initial matter, it appears to the court that Plaintiff's motion is procedurally barred. The court agrees with Defendant that Plaintiff's motion is untimely under Rule

6

59(e). Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *Id.* The Advisory Committee Notes to subdivision (e) clearly state that the "subdivision deals only with alteration or amendment of the original judgment in a case and does not relate to a judgment upon motion as provided in Rule 50(b)." *See* Fed. R. Civ. P. 59(e) advisory committee's note (1946). The original judgment was entered on February 17, 2011, and Plaintiff's motion was filed more than 28 days thereafter. Although judgment was re-entered on November 17, 2011, that judgment cannot extend the time period under Rule 59(e) because it was the result of a Rule 50(b) motion.

As a practical matter what happened in this case is that Plaintiff gave little to no testimony concerning any damage she may have suffered as a result of the tort of battery. Plaintiff sought general damages, but at the charge conference, the court found that based on the dearth of evidence proffered by Plaintiff, she would not be entitled to more than nominal damages. The court structured a nominal damages jury instruction and Plaintiff did not object to the wording of the court's instruction. The jury was certainly aware that Plaintiff was entitled to nominal damages, but Plaintiff is correct that the court did not instruct the jury that it ***must*** award nominal damages. Plaintiff offers a variety of reasons as to why this instruction is clearly erroneous under Georgia law. The best legal support for her contention can be found in *Jeter v. Davis*, 33 Ga. App. 733 (1925).

7

In *Jeter*, the plaintiff filed suit against her physician because she had only given consent for blood to be drawn by a needle and not by a "cut." The physician, however, "cut" her arm and she suffered an infection. There, the trial court charged the jury that:

> [t]he burden is on her to show that this produced an injury, and the burden of proof is on her to show what the injury was and the extent of it; that is to say, those things must be shown by her before the defendant would be required to make a defense.

*Id.* at 735. The court held that this instruction was in error and that:

> [g]eneral damages are such as the law presumes to flow from any tortious act, and may be recovered without proof of any amount. . . . As already stated, if the plaintiff was entitled to recover at all, she would at least be entitled to recover nominal damages merely in vindication of her right, and this without actual proof of the same. The charge was susceptible of the construction that, although the plaintiff may have shown that the cutting of her arm was done without her consent and contrary to an agreement with the doctor that he would not cut her arm, she would nevertheless be required to show by affirmative proof that she had been damaged before she would be entitled to recover. There is no escape from the conclusion that the charge was error.

*Id.*

But the court is not convinced that *Jeter* helps Plaintiff. The court did not deprive Plaintiff of her right to seek nominal damages. The court instructed the jury that Plaintiff would be entitled to punitive damages. The jury had all of the information before it to find in Plaintiff's favor but Plaintiff's testimony on damages was so weak that the jury could not even bring itself to award nominal damages. The court finds *Bradley v. Godwin*, 152 Ga. App. 782 (1979), to be a helpful contrast. There, the court reviewed the law concerning

8

nominal damages and criticized the trial court for directing a verdict which denied nominal damages. *Id.* at 786. The *Bradley* court noted that it would be error for the court to take this issue away from the jury. *Id.* (citing *Addington v. Western & A.R. Co.*, 93 Ga. 566 (1894)). In *Addington*, the court noted that the jury would have been authorized to award nominal damages for breach of contract and the plaintiff would have been "entitled" to such damages. The *Addington* court continued:

> While the evidence does not seem to afford any basis for the computation of other and further damages, we think it was error, under the circumstances, for the court to direct a verdict. As the jury might have found the plaintiff was entitled to nominal damages, the court had no right to deprive him of his right to recover them. Had the case been submitted to the jury and they had found against the plaintiff generally, it would have been proper to allow the verdict to stand; and even if it plainly appeared that he was entitled to nominal damages only, and the court had refused a new trial, we would not reverse the trial court because of such refusal, it having been repeatedly ruled by this court that a new trial will not be ordered simply to allow a plaintiff an opportunity to recover merely nominal damages. We are not, however, aware of any precedent authorizing the trial court to deprive a plaintiff of his right, in the first instance, to recover such damages. To so hold would put it within the power of trial judges to prevent, in any case, a recovery of nominal damages, and thus render the law authorizing the recovery of such damages practically inoperative.

*Id.* Thus, what *Bradley* and *Addington* show is that a court may not direct entry of a verdict in favor of the defendant in such circumstances, but once the issue is presented to the jury, the jury may find against the plaintiff and no new trial would be warranted.

Similarly, in *Hodsdon v. Whitworth*, 173 Ga App. 863 (1985), the plaintiff filed a complaint alleging wrongful foreclosure and sought general and punitive damages, as well

9

as attorney's fees. The jury did not award general or punitive damages, but did award the plaintiff his attorney's fees in the amount of $7,500. *Id.* at 864. The plaintiff sought a new trial. The Court of Appeals held that there was "no evidence which required the jury to return a verdict for the plaintiff for general or punitive damages" despite the fact that the plaintiff contended such a verdict was contrary to law because he was entitled to nominal damages. The Court of Appeals stated that

> [w]e recognize that the law infers some damages from the invasion of a property right and if no evidence is given of any particular amount of loss, declares this right by what is termed nominal damages. . . . However, we find the plaintiff's contention to be without merit as this court has held that a new trial will not be ordered simply to allow the plaintiff to present a question for the jury as to nominal damages.

*Id.* Thus, because the question was put to the jury and the jury made the determination to award no nominal damages, the court finds that a new trial is not an available remedy.

Furthermore, a "party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." *See*, *e.g.*, *Warfield v. Stewart*, 434 Fed. Appx. 777, 782 (11th Cir. 2011) (citing Fed. R. Civ. P. 51(c)(1)). "We interpret Rule 51 strictly, and require a party to object to a jury instruction or jury verdict form prior to jury deliberations in order to preserve the issue on appeal." *Id.* (citing *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir.1999)).

10

Plaintiff did not object to the court's instructions on nominal damages and thus, the court is restricted to a plain error standard of review. *See*, *e.g.*, *United States v. Massey*, 89 F.3d 1433, 1442 (11th Cir. 1996). The plain error standard is extremely difficult to meet, particularly in civil cases. *See*, *e.g.*, *Maiz v. Virani*, 253 F.3d 641, 676-77 (11th Cir. 2001). "Plain error is, by its terms, error which is so obvious and substantial that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it." *Elliott v. Flying J., Inc.*, 243 Fed. Appx. 509, 511 (11th Cir. 2007). The *Farley* court explained:

> Plain error review is an extremely stringent form of review. Only in rare cases will a trial court be reversed for plain error.... We have interpreted the ... test strictly in the context of erroneous jury instructions.... [R]eversal for plain error in the jury instructions or verdict form will occur only in exceptional cases where the error is so fundamental as to result in a miscarriage of justice. To meet this stringent standard, a party must prove that the challenged instruction was an incorrect statement of the law and [that] it was probably responsible for an incorrect verdict, leading to substantial injustice. This element is satisfied if a party proves that the instruction will mislead the jury or leave the jury to speculate as to an essential point of law. In other words, the error of law must be so prejudicial as to have affected the outcome of the proceedings.

197 F.3d at 1329-20. *See also Iervolino v. Delta Air Lines, Inc.*, 796 F.2d 1408, 1414 (11th Cir. 1986) (appellant must establish (1) error occurred, (2) error was plain, (3) it affected substantial rights and (4) it seriously affected fairness of judicial proceedings).

Here, the court has now analyzed the issue of nominal damages on Plaintiff's battery claim in two separate post-judgment motions. The issue is certainly not one of great clarity

11

under Georgia law and the court does not find that even if the court's jury instructions were not correct under Georgia law, any such error was not "plain."

It appears to the court that Plaintiff's best argument would be because the jury awarded no nominal damages but $10,000 punitive damages, its verdict is inconsistent. However, as the court noted in its November 17, 2011, order, the failure to object to an inconsistent verdict before discharge of jury waives the right to contest such a verdict. *See*, *e.g.*, *Walter Int'l Productions, Inc. v. Salinas*, 650 F.3d 1402, 1419 (11th Cir. 2011); *Mason v. Ford Motor Co.*, 307 F.3d 1271, 1275-76 (11th Cir. 2002). *Walter International Productions* is especially useful. There, the Bart Group sought a new trial because it argued that Florida law entitled it to an award of nominal damages based on the jury's verdict that Mercado had breached the parties' contract. *Id.* at 1418. The Eleventh Circuit agreed that Florida law required an award of at least nominal damages if a breach of contract has been established. *Id.* However, the court noted that the Bart Group failed to object to the jury's verdict on damages on the basis of inconsistency before the jury was discharged. *Id.* at 1419. The verdict form in *Walter International Productions* was much like the one here in that it was a hybrid general and specific verdict in which the jury found in favor of one party or the other on each claim and those findings were coupled with answers to written interrogatories. *Id.* Because the Bart Group failed to object to the jury's verdict as inconsistent, the court found it waived any argument that it should be entitled to a new trial

12

on nominal damages. *Id.* at 1420. Therefore, even if the jury's verdict is inconsistent, Plaintiff failed to raise a timely objection.

For the foregoing reasons, the court DENIES Plaintiff's motion to alter clerk's judgment or in the alternative for a new trial [101].

**Bill of Costs**

Plaintiff seeks $4,798.42 in costs. Defendant filed several objections to Plaintiff's bill of costs, including a contention that Plaintiff is not a "prevailing party" because she did not get all the relief she sought and objections to individual items on Plaintiff's bill of costs. Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The presumption is in favor of awarding costs. *See Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). Furthermore, the Eleventh Circuit has determined that the language of Rule 54(d) "reasonably bears intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption." *Gilchrest v. Bolger*, 733 F.2d 1551, 1556-57 (11th Cir. 1984).

In *Head v. Medford*, 62 F.3d 351 (11th Cir. 1995), the Eleventh Circuit held that to be a "prevailing party" for the purposes of Rule 54(d):

> [a] party need not prevail on all issues to justify a full award of costs, however. Usually, the litigant in whose favor judgment is rendered is the prevailing party for the purposes of Rule 54(d). . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he

13

>has not sustained all of his claims. . . . Cases from this and other circuits consistently support shifting of costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Id.* at 354-55 (quoting *United States v. Mitchell*, 580 F.2d 789, 793-94 (5th Cir. 1978)). While some district courts have determined that both plaintiff and defendant can be prevailing parties, *see*, *e.g.*, *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645 (S.D. Fla. 2007), the Eleventh Circuit does not seem to favor this approach. Rather, in the Eleventh Circuit, a defendant can be a prevailing party only if the plaintiff has received nothing in the litigation. *See*, *e.g.*, *Pickett v. Iowa Beef Processors*, 149 Fed. Appx. 831 (11th Cir. 2005) ("A defendant is a prevailing party if the plaintiff achieves none of the benefits sought in bringing its lawsuit."). A district court does have the option of exercising its discretion in the matter of costs to determine that each side should bear its own costs. *See Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 998-99 (5th Cir. 1976).

Here, while it is true that Plaintiff did not succeed in all of her claims, judgment was entered in favor of Plaintiff and therefore, the court finds that Plaintiff is the prevailing party for purposes of Rule 54(d).

The Supreme Court has held that district courts are limited in the costs that may be reimbursed by the list of items set forth in 28 U.S.C. § 1920 and related statutes. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 provides:

14

AO 72A
(Rev.8/82)

> A judge or clerk of any court of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> > (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> > (3) Fees and disbursements for printing and witnesses;
> > (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> > (5) Docket fees under section 1923 of this title;
> > (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.* Many of the costs sought by Plaintiff's counsel do not fall into any of the categories noted in § 1920. For example, in the category of "other costs," Plaintiff seeks reimbursement for a FedEx delivery as well as parking and mileage reimbursements for Plaintiff's counsel's transportation on the days of the pretrial conference, the special master trial, and the trial. There is no allowance for these costs and the court deducts $643.48 from Plaintiff's bill of costs.

Plaintiff seeks $385.75 in costs of copying which is 1551 copies at $0.25 each. In *EEOC v. W & O, Inc.*, 213 F.3d 600 (11th Cir. 2000), the court instructed that the taxing of costs is appropriate if the "prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *Id.* (noting that copies attributed to discovery are a category of copies recoverable under § 1920(4)). The court further rejected the argument that copies were not "necessary" because they were neither used as court exhibits nor

15

furnished to the court or opposing counsel.  Instead, the court concluded that "[u]se of information contained in a file is not a prerequisite to finding that it was necessary to copy the file." *Id.* at 623 (quotation and citation omitted).

In her bill of costs, Plaintiff provides no information as to what documents she copied.  Defendant avers that it produced only 207 pages of documents in response to Plaintiff's discovery requests, making it difficult to determine why 1551 pages of copies were necessary.  Moreover, Plaintiff only admitted two exhibits during the trial.  The court agrees that under the circumstances of this case, Plaintiff would need to provide some explanation to the court as to why she believed 1551 copies were necessary.  Because she has not done so, the court awards only one-half of Plaintiff's request for copying fees, or $192.88.

Plaintiff seeks $259.01 in service process fees for subpoenas.  In *W & O, Inc.*, the Eleventh Circuit approved the taxing of costs under sections 1920(1) and 1921 for private process service fees.  213 F.3d at 624.  The court noted, however, that only those private process fees "that do not exceed the statutory fees authorized in § 1921" are available. *Id.* Under 28 C.F.R. § 0.114(a)(3), the Attorney General prescribes a minimum fee of $55 per hour for "process served or executed personally . . . for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." *Id.*  From the receipts submitted with Plaintiff's bill of costs, it appears

16

that the private service fees she seeks are below that prescribed in 28 C.F.R. § 0.114(a)(3). (The court will not disallow subpoenas fees served for a trial which was cancelled due to inclement weather. No one knew at the time the subpoenas were filed that the trial would be cancelled).

Plaintiff seeks a total $2,918.59 for transcripts obtained for use in the case. Section 1920(2) authorizes the taxing of costs for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *Id. DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239 (N.D. Ga. 1993) (O'Kelley, J.), recognizes that the prevailing party may seek reimbursement for the original deposition and one copy because an original copy of the deposition must be filed as sealed with the court. *Id.* at 242. Plaintiff seeks $931.04 for transcripts of the depositions of Plaintiff and Felix Holliday. These invoices included "mini" transcripts, but did not itemize the charges. The court has previously determined that such transcripts are produced for the convenience of counsel and not out of necessity. Therefore, the court deducts $30 each for this "mini" transcripts. Similarly, the court disallows $26 for a "CD of the pre-trial hearing for the special master trial."

The court has also previously held that expenses for copies of depositions are not recoverable if they are taken by the prevailing party. *See*, *e.g.*, *Goodwall Constr. Co. v. Beers Constr. Co.*, 842 F. Supp. 1044, 1066 (N.D. Ga. 1992) (Forrester, J.). Here, Plaintiff

17

took the depositions of Michael Garrett and Daniel Millhouse which totaled $1,401.50 in costs. The court disallows those costs.

The court disagrees with Defendant's argument that Plaintiff is not entitled to costs of $268.45 for the transcript of the special master proceedings. As the court recalls, Plaintiff used the transcript on at least one occasion when examining a witnesses during the trial before this court. Thus, the court finds Plaintiff's procurement of the transcript was "necessary" and allowable under § 1920(2).

In sum, the court allows $2,474.57 in costs. The Clerk of the Court is DIRECTED to TAX COSTS against Defendant in that amount.

**IT IS SO ORDERED** this 19th day of April, 2012.


   S/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

18

AO 72A
(Rev.8/82)